IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSHUA MCGEE**,

**Plaintiff,**

v.

**CONTINENTAL TECHNOLOGIES, INC.
d/b/a X.O.P. and JOHN DOES 1-10,**

**Defendants.**                                                                 No. 11-1060-DRH

## ORDER

**HERNDON, Chief Judge:**

In this Order the Court *sua sponte* raises the issue of whether it has subject matter jurisdiction over this case. See *Wis. Knife Works v. Nat'l Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). Upon a threshold review, the Court observes what may be a potential jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In fact, federal courts are "obliged to police the constitutional and

statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Factual allegations of *citizenship* must be made in the pleadings, demonstrating complete diversity. See *Chi. Stadium Corp. v. State of Ind.*, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added). Under 28 U.S.C. § 1332(c), for purposes of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principle place of business is located. *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir. 1985).

In his complaint, plaintiff alleges that he is a citizen of Mississippi and that defendant is an Iowa corporation, but plaintiff fails to state where defendant's

principle place of business is located. Thus, the Court has no way of knowing whether complete diversity exists. Therefore, until plaintiff properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).

The Court is not concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus not established. Accordingly, the Court strikes plaintiff's complaint and allows him up to and including May 14, 2012, to file an amended complaint properly setting forth subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 26th day of April, 2012.

Digitally signed by David R. Herndon
Date: 2012.04.26 11:04:42 -05'00'

**Chief Judge**
**United States District Court**